IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES L. BRYANT, JR. and        )
SHARON R. BRYANT,               )
                                )
            Plaintiffs,         )
                                )
      v.                        )      1:23cv637
                                )
EASTWOOD CONSTRUCTION, LLC,     )
d/b/a EASTWOOD HOMES,           )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the purported "Notice of Voluntary Dismissal" (Docket Entry 40) (the "Bryants' Notice")[1] filed by James R. Bryant and Sharon R. Bryant (collectively, the "Bryants") following this Court's "dismiss[al] with prejudice [of] the Bryants' claims" (Docket Entry 36 (the "Dismissal Order") at 18) against Eastwood Construction, LLC, d/b/a Eastwood Homes ("Eastwood"). For the reasons that follow, the Court will strike the Bryants' Notice.[2]

---

[1] For legibility reasons, this Opinion omits all-cap and bold font in quotations from the parties' materials.

[2] Pursuant to the parties' consent, Chief United States District Judge Catherine C. Eagles referred this case to the undersigned United States Magistrate Judge for all proceedings. (See Docket Entry 24 at 1.) [Docket Entry page citations utilize the CM/ECF footer's pagination.]

## BACKGROUND

As the Dismissal Order details, the Bryants and Eastwood have engaged in parallel litigation in North Carolina state and federal courts (collectively, the "Lawsuits") since April 2023, during which the North Carolina state court has, inter alia, (i) issued various injunctions and Indirect Criminal Contempt Orders against the Bryants, which orders the Bryants appealed; (ii) awarded summary judgment to Eastwood and against the Bryants; and (iii) enforced a settlement agreement that the parties entered into in December 2023 to resolve the Lawsuits (see, e.g., Docket Entry 31-1 (the "Settlement Agreement") at 1-3, 10-11), which order the Bryants likewise appealed. (See Docket Entry 36 at 2-12.) As relevant here, the Settlement Agreement provides that,

> [w]ithin five (5) business days of the delivery of [$7,500 from Eastwood to the Bryants (see Docket Entry 31-1 at 2-3) (the "Payment")], (A) [the Bryants] shall execute and file a Stipulation of Voluntary Dismissal with Prejudice of the State Lawsuit with the Randolph County Clerk of Court, dismissing all of their counterclaims with prejudice, and (B) [the Bryants] shall also execute and file a Stipulation of Voluntary Dismissal with Prejudice of the Federal Lawsuit with the Clerk of the United States District Court for the Middle District of North Carolina, dismissing all of their claims with prejudice.

(Id. at 3-4.)

Eastwood delivered the Payment to the Bryants on December 28, 2023 (see Docket Entry 31-3 at 1), obliging the Bryants to dismiss the Lawsuits with prejudice by January 5, 2024 (see Docket Entry 31-1 at 3-4). Pursuant to Rule 41 of the North Carolina Rules of

2

Civil Procedure (the "NC Rules"), the Bryants dismissed with prejudice their counterclaims in the State Lawsuit on December 29, 2023. (Docket Entry 29-3 at 1.) They failed, however, to dismiss the instant Federal Lawsuit, opting instead to continue litigating it in contravention of the Settlement Agreement. (See Docket Entries dated Dec. 22, 2023, to present.) Accordingly, Eastwood moved to enforce the Settlement Agreement, seeking "an order," inter alia, "dismissing each of [the Bryants' c]laims with prejudice, and[] . . . requiring [the Bryants] to pay Eastwood's attorneys' fees incurred in bringing this motion and in enforcing the Settlement Agreement, as provided for in Paragraph 13 of the Settlement Agreement." (Docket Entry 30 (at times, the "Enforcement Motion") at 1-2.) Through the Dismissal Order, the Court granted the Enforcement Motion (see Docket Entry 36 at 20), "dismissing with prejudice the Bryants' claims" (id. at 18), awarding Eastwood attorney's fees (see id. at 19-20), and "establish[ing] a process to determine the amount of fees subject to recovery" (id. at 19; see also id. at 20 (directing "Eastwood [to] file a [n]otice setting forth its reasonable attorney's fees" by October 15, 2024, and the Bryants to file any objection thereto within 14 days of such filing)).

The Bryants promptly appealed the Dismissal Order. (See Docket Entry 37 at 1.) More specifically, on October 2, 2024, the Bryants filed a "Notice of Appeal," which states, in full:

3

> Notice is hereby given that [the Bryants] hereby appeal to the United States Court of Appeals for the Fourth C[ircuit] from the final judgment in this action and from the order of this Court entered on the 27th day of September 2024, granting [Eastwood's] Motion to Dismiss and Motion to Enforce Settlement Agreement.

(Docket Entry 37 at 1.) Eight days later, however, they filed the Bryants' Notice, which purports to dismiss this action without prejudice pursuant to Rule 41(a)(A)(i) of the Federal Rules of Civil Procedure (the "Rules"). (See Docket Entry 40 at 1.) The Bryants' Notice states:

> Now comes [the Bryants], pursuant to [Rule] 41(a)(A)(i), voluntarily dismiss the above style case without prejudice. In support of this notice, [the Bryants] state the following:
>
> 1. As of the date of this notice, the opposing party has not served an answer or a motion for summary judgment.
>
> 2. [The Bryants] have not previously dismissed an action based on or including the same claim.
>
> Therefore, as an absolute matter of right, [the Bryants] voluntarily dismiss without prejudice the above captioned case.

(Id.)

Contrary to these contentions, however, the Bryants' claims in the Lawsuits overlap, with each iteration of their state counterclaims and federal claim(s) including a claim for unfair and deceptive trade practices premised in part on Eastwood procuring a temporary restraining order against the Bryants in the State Lawsuit. (Compare Docket Entry 16-9 at 5 (asserting that "Eastwood has engaged in unfair and deceptive trade practices as alleged

4

above, including: . . . maliciously and intentionally obtaining a false temporary restraining order against the Bryants [in the State Lawsuit]"), and Docket Entry 16-15 at 6 (same), with Docket Entry 2 at 8 ("Eastwood . . . has engaged in unfair and deceptive practices and acts as alleged above, including . . . by suing [the] Bryants and obtaining a restraining order [in the State Lawsuit]"), and Docket Entry 22 at 8 (same).)

In any event, upon the filing of the Bryants' Notice, the Court entered a Text Order "requiring that, if [Eastwood] disputes the effectiveness of [the Bryants'] Notice . . ., [Eastwood] shall file a memorandum of no more than 10 pages in support of [its] position in that regard" and cautioning that "[f]ailure by [Eastwood] to comply with this Text Order shall result in the administrative closing of this case." (Text Order dated Oct. 10, 2024.) Eastwood complied with this directive, detailing its position "that the [Bryants'] Notice . . . is ineffective for either of two reasons" (Docket Entry 41 at 2), namely (i) the prior entry of the Dismissal Order and (ii) the Bryants' notice of appeal therefrom, which conferred jurisdiction over this matter on the Fourth Circuit at the time of the filing of the Bryants' Notice. (See id. at 1-3.) Accordingly, Eastwood advanced the "position and suggestion that the Court disregard the [Bryants'] Notice . . . during the pendency of the Appeal and, when the Order dismissing the case with prejudice is affirmed, strike the [Bryants'] Notice."

5

(Id. at 3 (emphasis in original).) The Bryants responded in opposition thereto (see Docket Entry 42) and subsequently moved to dismiss the appeal pursuant to Federal Rule of Appellate Procedure 42, see Bryant v. Eastwood Constr., LLC, No. 24-1960, Docket Entry 6 (4th Cir. Nov. 12, 2024), which motion the Fourth Circuit granted (see Docket Entry 43 at 1).

## DISCUSSION

Under Rule 41, a "plaintiff may dismiss an action without a court order by filing," inter alia, "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Notably, though, "[o]nce a court has dismissed a claim with prejudice, a party cannot, of course, voluntarily dismiss that same claim, without prejudice." Wilson-Cook Med., Inc. v. Wilson, 942 F.2d 247, 252 (4th Cir. 1991); accord Washington Cnty. Bd. of Educ. v. Mallinckrodt Ard, Inc., No. 20-1643, 2020 WL 7230263, at *1 (4th Cir. Sept. 28, 2020) (affirming order striking Rule 41 notice, as "[u]nder [controlling Fourth Circuit precedent], the [district court's] prior dismissal with prejudice precluded [the plaintiff] from later voluntarily dismissing the same claims without prejudice"); see also Berthold Types Ltd. v. Adobe Sys. Inc., 242 F.3d 772, 776 (7th Cir. 2001) ("If even the parties' mutual assent cannot wipe a judicial decision from the books, a unilateral

6

dismissal under Rule 41(a)(1)(i) cannot do so." (citation omitted)).

Here, the Dismissal Order dismissed with prejudice the Bryants' claims. (See, e.g., Docket Entry 36 at 18-20.) Thus, the Bryants could not later dismiss those claims without prejudice. See, e.g., Washington Cnty., 2020 WL 7230263, at *1. The Bryants maintain, however, that "[t]his [principle] doesn't apply in this case because the record reflects this case was never dismissed. A memorandum and order are the reasoning behind the Court's decision whereas an order of dismissal refers to the official document ending the case." (Docket Entry 42 at 2.) Notably, the Bryants offer no authority in support of this proposition. (See id.) Regardless, this contention lacks merit.

The Dismissal Order dismissed, with prejudice, the Bryants' claims. (See, e.g., Docket Entry 36 at 1, 6, 13-20.) "[T]he[ Bryants'] claims ceased to be part of the action once they had been dismissed," Wilson-Cook Med., 942 F.2d at 253, regardless of the fact that the attorney's fees issue remained pending, see id. at 252-53 ("The district court dismissed, for failure to state a claim, Count VII and part of Count III and since the court did not state otherwise, the dismissal was with prejudice. As we have stated, . . . these two claims ceased to be part of the action once they had been dismissed. Consequently, when [the plaintiff] filed his notice of voluntary dismissal, it applied only to those claims

7

still remaining part of the action — *i.e.* not to Count VII and the relevant part of Count III." (citation omitted)). As the Bryants' notice of appeal reflects, they understood this reality. (See Docket Entry 37 at 1.) Accordingly, the Court will strike the Bryants' Notice. See Washington Cnty., 2020 WL 7230263, at *1.

Moreover, the Bryants' Notice would itself effectuate a dismissal with prejudice of the Bryants' claims. Under Rule 41, "[u]nless the notice . . . states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). In other words, "Rule 41(a)(1) permits a plaintiff to dismiss an action without prejudice only when he files a notice of dismissal before the defendant files an answer or motion for summary judgment and only if the plaintiff has never previously dismissed an action 'based on or including the same claim.'" Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394 (1990). "If the plaintiff invokes Rule 41(a)(1) a second time for an 'action based on or including the same claim,' the action must be dismissed with prejudice." Id. "This is known as the 'two dismissal rule.'" Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1076 (9th Cir. 1999). "[A]imed at curbing abuses of the judicial system," Rule 41(a) "[i]s designed to limit a plaintiff's ability to dismiss an action." Cooter & Gell, 496 U.S. at 397.

8

"It allow[s] a plaintiff to dismiss an action without the permission of the adverse party or the [C]ourt only during the brief period before the defendant ha[s] made a significant commitment of time and money." Id. "Rule 41(a)(1) [i]s not designed to give a plaintiff any benefit other than the right to take one such dismissal without prejudice." Id.

The Bryants actions in the Lawsuits reflect the type of conduct that Rule 41(a)(1) seeks to curb. The Bryants advanced an unfair and deceptive trade practices act claim in both Lawsuits premised in part on the same conduct. (See Docket Entry 2 at 3, 8; Docket Entry 16-9 at 3, 5; Docket Entry 16-15 at 3, 6; Docket Entry 22 at 3, 8.) They dismissed this claim in the State Lawsuit pursuant to NC Rule 41. (See Docket Entry 29-3 at 1.)[3] Because "the [Bryants] previously dismissed a[] federal- or state-court action based on or including the same claim, [the Bryants' N]otice . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Thus, even if valid, the Bryants' Notice would effectuate a dismissal with prejudice of the Bryants' claims. See

---

3 NC Rule 41 likewise incorporates a two dismissal rule and explicitly specifies that it "appl[ies] to the dismissal of any counterclaim, crossclaim, or third-party claim," N.C. Gen. Stat. § 1A-1, Rule 41(c). See N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) ("Unless otherwise stated in the notice of dismissal . . ., the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim.").

9

Cooter & Gell, 496 U.S. at 394 ("If the plaintiff invokes Rule 41(a)(1) a second time for an action based on or including the same claim, the action must be dismissed with prejudice." (internal quotation marks omitted)).

## CONCLUSION

The Dismissal Order renders ineffective the Bryants' Notice. Further, if valid, the Bryants' Notice would effectuate a dismissal with prejudice of the Bryants' claims because the Bryants previously dismissed an overlapping claim in the State Lawsuit.

**IT IS THEREFORE ORDERED** that the Bryants' Notice (Docket Entry 40) is **STRICKEN**, as the Court has already dismissed the Bryants' claims with prejudice.

**IT IS FURTHER ORDERED** that, on or before January 10, 2025, Eastwood shall file a notice setting forth its reasonable attorney's fees for the litigation necessary to enforce the Settlement Agreement.[4] Within 14 days of such filing, the Bryants may file a Response (of no more than 10 pages) setting forth any objection to this notice. Eastwood may file a reply (of no more than 10 pages) within 7 days of any such filing by the Bryants. Upon completion of this briefing or on February 3, 2025, whichever

---

4  Eastwood should file this notice regardless of any intervening purported appeal by the Bryants.

10

occurs earlier, the Clerk shall refer this matter back to the undersigned.

This 20th day of December, 2024.

  /s/ L. Patrick Auld  
**L. Patrick Auld**  
**United States Magistrate Judge**