IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JAMES L. BRYANT, JR. and          )
SHARON R. BRYANT,                 )
                                  )
              Plaintiffs,         )
                                  )
     v.                           )    1:23cv637
                                  )
EASTWOOD CONSTRUCTION, LLC,       )
d/b/a EASTWOOD HOMES,             )
                                  )
              Defendant.          )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on "Plaintiffs' Motion to Alter or Amend Judgment" (Docket Entry 48) (the "Motion")[1] filed by James R. Bryant and Sharon R. Bryant (collectively, the "Bryants") following this Court's "dismiss[al] with prejudice [of] the Bryants' claims" (Docket Entry 36 (the "Dismissal Order") at 18) against Eastwood Construction, LLC, d/b/a Eastwood Homes ("Eastwood") and the Court's subsequent order striking a purported "Notice of Voluntary Dismissal" (Docket Entry 40) (the "Bryants' Notice") on the grounds that "[t]he Dismissal Order renders ineffective the Bryants' Notice" (Docket Entry 45 (the "Notice Order"). For the reasons that follow, the Court will deny the Motion.[2]

---

[1] For legibility reasons, this Opinion omits all-cap and bold font in quotations from the parties' materials.

[2] Pursuant to the parties' consent, Chief United States District Judge Catherine C. Eagles referred this case to the undersigned United States Magistrate Judge for all proceedings.

## BACKGROUND

As the Dismissal Order details, the Bryants and Eastwood have engaged in parallel litigation in North Carolina state and federal courts (collectively, the "Lawsuits") since April 2023, during which the North Carolina state court has, inter alia, (i) issued various injunctions and Indirect Criminal Contempt Orders against the Bryants, which orders the Bryants appealed; (ii) awarded summary judgment to Eastwood and against the Bryants; and (iii) enforced a settlement agreement that the parties entered into in December 2023 to resolve the Lawsuits (see, e.g., Docket Entry 31-1 (the "Settlement Agreement") at 1-3, 10-11), which order the Bryants likewise appealed. (See Docket Entry 36 at 2-12.) As relevant here, the Settlement Agreement provides that,

> [w]ithin five (5) business days of the delivery of [$7,500 from Eastwood to the Bryants (see Docket Entry 31-1 at 2-3) (the "Payment")], (A) [the Bryants] shall execute and file a Stipulation of Voluntary Dismissal with Prejudice of the State Lawsuit with the Randolph County Clerk of Court, dismissing all of their counterclaims with prejudice, and (B) [the Bryants] shall also execute and file a Stipulation of Voluntary Dismissal with Prejudice of the Federal Lawsuit with the Clerk of the United States District Court for the Middle District of North Carolina, dismissing all of their claims with prejudice.

(Id. at 3-4.)

Eastwood delivered the Payment to the Bryants on December 28, 2023 (see Docket Entry 31-3 at 1), obliging the Bryants to dismiss

---

(See Docket Entry 24 at 1.) [Docket Entry page citations utilize the CM/ECF footer's pagination.]

the Lawsuits with prejudice by January 5, 2024 (see Docket Entry 31-1 at 3-4). Pursuant to Rule 41 of the North Carolina Rules of Civil Procedure (the "NC Rules"), the Bryants dismissed with prejudice their counterclaims in the State Lawsuit on December 29, 2023. (Docket Entry 29-3 at 1.) They failed, however, to dismiss the instant Federal Lawsuit, opting instead to continue litigating it in contravention of the Settlement Agreement. (See Docket Entries dated Dec. 22, 2023, to present.) Accordingly, Eastwood moved to enforce the Settlement Agreement, seeking "an order," inter alia, "dismissing each of [the Bryants' c]laims with prejudice, and[] . . . requiring [the Bryants] to pay Eastwood's attorneys' fees incurred in bringing this motion and in enforcing the Settlement Agreement, as provided for in Paragraph 13 of the Settlement Agreement." (Docket Entry 30 (at times, the "Enforcement Motion") at 1-2.) Through the Dismissal Order, the Court granted the Enforcement Motion (see Docket Entry 36 at 20), "dismissing with prejudice the Bryants' claims" (id. at 18), awarding Eastwood attorney's fees (see id. at 19-20), and "establish[ing] a process to determine the amount of fees subject to recovery" (id. at 19; see also id. at 20 (directing "Eastwood [to] file a [n]otice setting forth its reasonable attorney's fees" by October 15, 2024, and the Bryants to file any objection thereto within 14 days of such filing)).

3

The Bryants promptly appealed the Dismissal Order. (See Docket Entry 37 at 1.) More specifically, on October 2, 2024, the Bryants filed a "Notice of Appeal," which states, in full:

> Notice is hereby given that [the Bryants] hereby appeal to the United States Court of Appeals for the Fourth C[ircuit] from the final judgment in this action and from the order of this Court entered on the 27th day of September 2024, granting [Eastwood's] Motion to Dismiss and Motion to Enforce Settlement Agreement.

(Docket Entry 37 at 1.) Eight days later, however, they filed the Bryants' Notice, which purported to dismiss this action without prejudice pursuant to Rule 41(a)(A)(i) of the Federal Rules of Civil Procedure (the "Rules"). (See Docket Entry 40 at 1.)

That same day, the Court issued an order "requiring that, if [Eastwood] disputes the effectiveness of [the Bryants' Notice, Eastwood] shall file a memorandum of no more than 10 pages in support of [Eastwood's] position in that regard." (Text Order dated Oct. 10, 2024.) Eastwood promptly filed a memorandum opposing the Bryants' Notice, asserting that it "is ineffective for either of two reasons" (Docket Entry 41 at 2), namely (1) that once the Court issued the Dismissal Order, "there was no case left to dismiss" because the Court already "dismissed the case with prejudice" (id. (emphasis in original)), rendering the Bryants' Notice "ineffective as a matter of law" and (2) that, due to the Bryants' pending appeal (see id. at 2), "there was no jurisdiction in this Court and [the Bryants' Notice] could not be effective" (id. at 3). The next day, the Bryants filed a response, arguing

4

that the Bryants' Notice "is effective for several reasons," including that (1) they "have an absolute right to file the [Bryants' Notice]" because Eastwood had not filed an answer or motion for summary judgment, (2) upon the filing of the Bryants' Notice, "the case was terminated, including all its orders," (3) Eastwood's "argument that [the Bryants] could not voluntarily dismiss their claim without prejudice once the Court [issued the Dismissal Order] is without merit" on the theory that the Dismissal Order represented merely "the reasoning behind the Court's decision," and (4) although the "notice of appeal divest[ed] the [C]ourt of its control, the notice of appeal doesn't divest [the Bryants'] control to voluntarily dismiss their case." (Docket Entry 42 (the "Opposition") at 1-2.) The Bryants also moved to voluntarily dismiss their appeal, which motion the United States Court of Appeals for the Fourth Circuit granted. (See Docket Entry 43 at 1.)

The Court thereafter entered the Order striking the Bryants' Notice on the grounds that the Dismissal Order had already "dismissed, with prejudice, the Bryants' claims" when the Bryants filed the Bryants' Notice. (Docket Entry 45 at 7; see id. at 6-8.) In short, the Order explained that "[t]he Dismissal Order renders ineffective the Bryants' Notice." (Id. at 10; see also id. (striking the Bryants' Notice "as the Court has already dismissed the Bryants' claims with prejudice").) The Order also noted that,

5

"if valid, the Bryants' Notice would effectuate a dismissal with prejudice of the Bryants' claims because the Bryants previously dismissed an overlapping claim in the State Lawsuit." (Id.; see also id. at 8-10 (analyzing why "the Bryants' Notice would itself effectuate a dismissal with prejudice of the Bryants' claims" under Rule 41).) The Bryants responded with the Motion, "ask[ing]," pursuant to Rule 59(e), "the Court to re-open the case for the purpose of [the Bryants] dismissing the case without prejudice." (Docket Entry 48 at 1.) According to the Motion:

> [The Bryants] believe there are three clear errors of law that the Court made in the instant case[:] (1) The Court's findings that [the Bryants] previously voluntarily dismissed an overlapping claim in state court effectuating the two dismissal rule with prejudice, {2) The Court's lack of jurisdiction to issue a text order while the case was actively under appeal and stricken [sic] [the Bryants' Notice] after [the Bryants] filed [the Bryants' Notice], and (3) The Court's ruling that its [Dismissal Order] made [the Bryants' Notice] moot.

(Id. at 3.)

## DISCUSSION

A court may "grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotation marks). Essentially,

> [R]ule [59(e)] permits a district court to correct its own errors, sparing the parties and the appellate courts

6

> the burden of unnecessary appellate proceedings. Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance [before the judgment].

Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted); accord id. at 404 ("Rule 59(e) may not be used to raise new arguments or present novel legal theories that could have been raised prior to judgment.").

Importantly, "mere disagreement does not support a Rule 59(e) motion," Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)), and Rule 59(e) does not give litigants "another opportunity to argue a [m]otion denied by th[e] Court," Atkins, 130 F.R.D. at 626. See also, e.g., Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977) (observing that (1) "[the plaintiff's] brief in support of his [Rule 59(e)] motion is no more than an expression of a view of the law contrary to that set forth in the [c]ourt's opinion," (2) "[w]hatever may be the purpose of Rule 59(e)[,] it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the [court]," and (3) "[s]ince the plaintiff has brought up nothing new except his displeasure[,] th[e c]ourt has no proper basis upon which to alter or amend the order previously entered").

7

Moreover, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (3d ed.). Accordingly, "the circumstances under which a Rule 59(e) motion may be granted are so limited that . . . Rule 59(e) motions typically are denied." Sherrod v. Harkleroad, No. 1:12cv48, 2016 WL 9776807, at *1 (W.D.N.C. July 26, 2016) (brackets and internal quotation marks omitted)).

The circumstances of this case do not warrant reconsideration. First, the Bryants assert that the Order erred in concluding that, if valid, the Bryants' Notice would fall afoul of the two dismissal rule, on the grounds that "[t]he NC State Court clearly dismissed the overlapping unfair and deceptive trade practices act claim" prior to the Bryants' voluntary dismissal of the State Lawsuit. (Docket Entry 48 at 2; see also Docket Entry 48-1 ("Order Granting in Part and Denying in Part Eastwood's Motion to Dismiss [the Bryants'] Amended Counterclaims").) This contention warrants no relief. Put simply, whether or not the Bryants' Notice, if valid, would effectuate a dismissal with prejudice does not impact the Order's conclusion that "[t]he Dismissal Order render[ed] ineffective the Bryants' Notice," necessitating its striking. (Docket Entry 45 at 10; see also id. at 6-8.) Moreover, the Bryants have not shown any harm from the Court's Text Order directing Eastwood to indicate its position on the Bryants' Notice.

8

(See Docket Entry 48 at 2.) In any event, the Bryants' remaining contentions either echo arguments already presented in their Opposition or arguments that they could have advanced prior to issuance of the Order. (See id. at 2-3.) "Rule 59(e) may not be used to raise new arguments or present novel legal theories that could have been raised prior to judgment," Pacific Ins., 148 F.3d at 404, and does not "give an unhappy litigant one additional chance to sway the [Court]," Durkin, 444 F. Supp. at 889. The Bryants' contentions thus fail to justify Rule 59(e) relief. See, e.g., Thomas v. South Carolina Dep't of Mental Health, No. 23-2190, 2024 WL 4298146, at *1 (4th Cir. Sept. 26, 2024) (concluding that Rule 59 "motion provided no basis for relief" where movant "admittedly relied on new, broader arguments not made previously"); Durkin, 444 F. Supp. at 889 (denying reconsideration request where party's "brief in support of his motion is no more than an expression of a view of the law contrary to that set forth in the [c]ourt's opinion"); see also U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC, 899 F.3d 236, 257 (4th Cir. 2018) (explaining that, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again" (internal quotation marks omitted)).

## CONCLUSION

The Bryants fail to justify Rule 59(e) relief.

9

**IT IS THEREFORE ORDERED** that the Motion (Docket Entry 48) is **DENIED.**

This 30th day of September, 2025.

                                            /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                        **United States Magistrate Judge**